**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Cota,<br><br>        Plaintiff,<br><br>vs.<br><br>State of Arizona; Maricopa County; Michael Flynn, individually and in his official capacity, and Jane Doe Flynn, husband and wife; City of Phoenix; Toni Brown, individually and in her official capacity, and John Doe Brown, husband and wife; Robert Furneaux, individually and in his official capacity, and Jane Doe Furneaux, husband and wife; Does 1-10; Corporations 1-5; Partnerships 1-5,<br><br>        Defendants. | No. CV-10-1024-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the Motion to Dismiss (Doc. 14) filed by Defendants Maricopa County and Michael Flynn ("County Defendants") and the Motion to Dismiss (Doc. 15) filed by Defendants City of Phoenix, Toni Brown and Robert Furneaux ("Defendants").[1] Plaintiff Jose Cota ("Plaintiff" or "Cota") has filed a Notice of No Objection (Doc. 23) to the dismissal of County Defendants, and therefore, their Motion to

---

[1] Plaintiff has agreed to dismiss all claims against the City of Phoenix. (Doc. 22). Thus, for purposes of this order, "Defendants" refers solely to Detectives Brown and Furneaux.

1  Dismiss (Doc. 14) is granted, with prejudice. For the following reasons, we grant in part, and
2  deny in part Defendants' motion.

## BACKGROUND

The Complaint filed by Plaintiff alleges as follows. Plaintiff and Glenna Standley developed a working relationship over the years and eventually entered into an agreement to design, manufacture, and sell musical instruments. (Doc. 1, Ex. A). Plaintiff moved in with Standley, and at some point became her caregiver. (*Id.*). In 2006, Plaintiff and Standley planned a tour and "final marketing push" of the musical instruments, for which they needed some money. Standley also needed money to move a trailer and construct a shed. (*Id.*).

Around September 21, 2006, Cota and Standley visited Wells Fargo Bank, located at 850 E. Greenway Parkway in Phoenix, and requested that $10,000 be withdrawn from Standley's account. A Wells Fargo employee only approved a $5000 withdrawal and reported that transaction to his superiors. (*Id.*). Wells Fargo Investigators contacted the Phoenix Police Department, and Defendants Brown and Furneaux visited Plaintiff and Standley on September 21, 2006. (*Id.*). Detectives Brown and Furneaux checked on Standley, located the money withdrawn from Wells Fargo, and then arrested Cota on the charge of financial exploitation of a vulnerable adult and other counts of felony theft. (*Id.*).

According to Cota, Defendants Brown and Furneaux had no search warrant or arrest warrant and lacked probable cause to enter the property or place Cota under arrest. (*Id.*). He further contends that Defendants failed to conduct a reasonable investigation. (*Id.*). Following the arrest, the Police Department seized a number of Plaintiff's possessions, including musical instruments, equipment, tools and other items, which Cota has never recovered because the Police Department at some point disposed of those items. (*Id.*).

Plaintiff also alleges that on October 2, 2006, the grand jury indicted him based on false and misleading testimony given by Defendant Brown. (*Id.*). After spending approximately two years in the Maricopa County jail, the county tried the case, and on January 21, 2009, the jury returned a verdict of not guilty on all counts. (*Id.*). Plaintiff contends that as a result of Defendants' conduct, he has experienced pain and suffering,

economic loss, emotional distress, and the loss of the enjoyment of life. (*Id.*). Plaintiff filed his Notice of Claim with Defendants on July 16, 2009, and his Complaint on January 30, 2010, in Maricopa County Superior Court. (*Id.*).

**LEGAL STANDARD**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Courts generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The Court sees no reason to consider Defendants' attached exhibits, and therefore, Defendants' motion will not be treated as one for summary judgment.

**DISCUSSION**

**Count 1: 42 U.S.C. § 1983**

"To state a claim for relief in an action brought under § 1983, [Plaintiff] must [allege]

1 that [he was] deprived of a right secured by the Constitution or laws of the United States, and 2 that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins.* 3 *Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "Section 1983 'is not itself a source of 4 substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere 5 conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 6 443 U.S. 137, 144 n. 3 (1979)). "It is well settled that section 1983 'imposes liability for 7 violations of rights protected by the Constitution, not for violations of duties of care arising 8 out of tort law.'" *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (quoting *Baker*, 9 443 U.S. at 146).

### i. Statute of Limitations

Plaintiff appears to allege that Defendants, in their individual capacities,[2] intentionally violated his Fourth and Fourteenth Amendment rights by arresting him without a warrant or probable cause, providing false and misleading testimony at the grand jury proceeding, as well as failing to conduct a reasonable investigation. (Doc. 1, Ex. A; Doc. 22). Defendants contend that this claim is time barred. (Doc. 15).

"Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)). In any event, the statute of limitations period for § 1983 claims is determined by looking to the law of the State in which the cause of action arose, specifically the limitations period provided for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Plaintiff does not dispute that under Arizona law, the relevant statute of limitations period is two years. *See* A.R.S. § 12-542 (2010).

For purposes of a § 1983 claim, false arrest and false imprisonment are considered

---

[2]Defendants correctly note that Plaintiff has not challenged Defendants' argument that the § 1983 claim against them in their official capacities should be dismissed. Accordingly, the Court will treat Plaintiff's failure to address this claim as conceding dismissal of this claim.

- 4 -

1  together as false imprisonment, meaning "detention *without legal process*." *Wallace*, 549
2  U.S. at 389. To the extent that Plaintiff's claim is based on false imprisonment, the statute
3  of limitations runs from the time of arraignment. *See id.* at 390. Plaintiff's complaint notes
4  that the grand jury proceeding took place on October 2, 2006, and that he was subsequently
5  indicted. (Doc. 1). It does not, however, state the date on which Plaintiff was arraigned. Nor
6  do Defendants provide this information in their motion. Although it is unlikely that Plaintiff
7  was arraigned up to eighteen months after his case was presented to the grand jury, the Court
8  does not assume dispositive facts in deciding a motion to dismiss.

9  With regard to the alleged false statements to the grand jury and failure to conduct a
10 proper investigation, Plaintiff contends that he did not discover facts relevant to these aspects
11 of his § 1983 claim until after his release from jail. However, as Defendants note, that
12 allegation is made solely in his response to Defendants' Motion to Dismiss. (Doc. 22). A
13 "claim generally accrues when the plaintiff 'knows or has reason to know of the injury which
14 is the basis of the action.'" *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir.
15 1998) (quoting *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)). Although the
16 events alleged in the complaint occurred in 2006, it is not "beyond doubt" that Plaintiff
17 cannot prove that facts that would establish the timeliness of his claim. *See Hernandez*, 138
18 F.3d at 402. Therefore, to the extent the Defendants' Motion to Dismiss is based on a statute
19 of limitations defense, the motion is denied.

20 **ii. Merits**

21 With regard to Plaintiff's claim of false imprisonment, Plaintiff alleges that the
22 Defendants found a majority of the $5000 withdrawn from Wells Fargo in Ms. Standley's
23 bedroom, which could support a finding that Defendants lacked probable cause to believe
24 that Plaintiff had taken control of or used Ms. Standley's money with intent to permanently
25 deprive her of that money. Thus, Plaintiff survives dismissal with regard to that argument.
26 Individual liability under § 1983 "arises only upon a showing of personal participation
27 by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's Complaint
28 fails to allege facts that support the conclusion that Defendant Furneaux was involved in

- 5 -

Plaintiff's case beyond the date of his arrest. Plaintiff does not allege that Detective Furneaux provided false or misleading testimony to the grand jury, nor does he present any specific facts that Detective Furneaux played a role in any subsequent investigation. Thus, to the extent that Plaintiff's § 1983 claim against Defendant Furneaux is based on events that took place following his arrest, the claim is dismissed.

With respect to Defendant Brown, Plaintiff alleges that the detective gave false and misleading testimony at the grand jury proceeding on October 2, 2006. As a result of this testimony, he was indicted. For purposes of the motion to dismiss, Plaintiff has pled enough facts to state a claim to relief that is plausible on its face.

**State Law Claims (Counts Two, Three, Five, and Seven)**

Defendants claim that Plaintiff's state law claims are barred by A.R.S. § 12-821 (2010), which provides that the statute of limitations for claims against public entities and employees is one year. Plaintiff does not dispute that A.R.S. § 12-821 sets forth the applicable statute of limitations, but argues in his Response that the statute of limitations did not begin to run until after he was released. (Doc. 22). It is undisputed that Plaintiff was arrested on September 21, 2006, and clearly he was aware of the arrest; therefore, any claims related to his arrest had to be filed no more than one year later.[3]

With regard to the other allegations, Detective Brown's false and misleading testimony and Defendants' improper investigation, Defendants' argument fails for the reasons stated in the § 1983 section of this order. It is possible that Plaintiff did not become aware of specific facts surrounding the grand jury proceeding, for which it is unlikely that he was present, and investigation until after his release. Because it is possible that Plaintiff can prove facts that would establish the timeliness of his claims, the Court will not dismiss those claims for being time barred. Similarly, Defendants' notice of claim argument as to those bases fails because A.R.S. § 12-821.01(B) provides that "a cause of action accrues

---

[3]With regard to the state law claims discussed below, where the Court allows Plaintiff to file an amended complaint, Plaintiff should not, in its amended complaint, present arguments based on the alleged false arrest.

1 when the damaged party *realizes* he or she has been damaged *and knows or reasonably*
2 *should know* the cause, source, act, event, instrumentality or condition which caused or
3 contributed to the damage." (emphasis added). Plaintiff was required to file the notice of
4 claim within 180 days after the cause of action accrued. § 12-821.01(A). If he proves that the
5 cause of action accrued after his release, then the filing of the notice of claim in July 2009
6 would have been timely.

**Count 2: Violation of the Right of Due Process of Law**

8 In his complaint, Plaintiff alleges a violation of Article II, section 4 of the Arizona
9 Constitution, stating simply that Defendants' "conduct violated [Plaintiff's] due process
10 rights under the Arizona Constitution." (Doc. 1). Even considering the facts presented earlier
11 in the complaint, a complaint that "pleads facts that are 'merely consistent with' a
12 defendant's liability . . . 'stops short of the line between possibility and plausibility of
13 entitlement to relief.'" *Iqbal*, 129 S.Ct at 1949 (quoting *Twombly*, 550 U.S. at 555).
14 Plaintiff's conclusory statements of law simply do not meet the standard to survive
15 Defendants' Motion to Dismiss. The Court will dismiss the complaint without prejudice and
16 allow Plaintiff to file an amended complaint that complies with the Federal Rules of Civil
17 Procedure.

**Count 3: Violation of the Right to Privacy**

19 With regard to his claim that Defendants' violated his right to privacy, Plaintiff simply
20 quotes Article II, section 8 of the Arizona Constitution as providing that "[n]o person shall
21 be disturbed in his private affairs, or his home invaded, without authority of law", and makes
22 a conclusory statement that Defendants violated that provision. Once again, Plaintiff's
23 complaint fails to specify the facts that form the basis for this claim.

**Count 5: Abuse of Process**

25 To state a claim for abuse of process, a party must show that a defendant committed
26 a "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the
27 regular conduct of the proceedings." *Nienstedt v. Wetzel*, 133 Ariz. 348, 353, 651 P.2d 876,
28 881 (Ct. App. 1982). Arizona courts have explained that "process" should be interpreted

1 "broadly" to include "the entire range of procedures incident to the litigation process." *Id.* at 352, 651 P.2d at 880; *see also Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, 92 P.3d 882, 887 (Ct. App. 2004) (quoting *Nienstedt*). Plaintiff has failed to allege any facts from which a reasonable inference may be drawn that Defendant Furneaux used a judicial process for an improper purpose. Plaintiff's basis for an abuse of process claim against Defendant Brown is that she provided false or misleading testimony under oath before the grand jury. Although it appears that Arizona courts have not yet addressed this issue, this allegation likely satisfies the first element of the claim. Moreover, Plaintiff alleges that by providing false and misleading testimony, Defendant Brown "used the legal processes to accomplish a purpose for which they were not designed." Plaintiff has pled enough facts to state a claim to relief that is plausible on its face, and therefore, Defendants' motion to dismiss is denied with respect to this claim.

### Count 7: Intentional Infliction of Emotional Distress

To recover for intentional infliction of emotional distress, Plaintiff must prove that (1) the Defendants' conduct was "extreme" and "outrageous"; (2) the Defendants either intended to cause emotional distress or recklessly disregarded the near certainty that distress would result from the conduct; and (3) the conduct caused Plaintiff severe emotional distress. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). As Defendants note, a plaintiff must show that the Defendants' acts were "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554, 905 P.2d 559, 563 (Ct. App. 1995) (quoting *Cluff v. Farmers Ins. Exch.*, 10 Ariz.App. 560, 562, 460 P.2d 666, 668 (Ct. App. 1969)). It is not enough "that the [Defendants have] acted with an intent which is tortious or even criminal, or that [they have] intended to inflict emotional distress, or even that [their] conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." RESTATEMENT (SECOND) OF TORTS § 46, cmt. d (1965). The fact that Plaintiff was arrested, incarcerated for two years, and then found not guilty, does not, in itself,

1  demonstrate conduct by the Defendants that is "so extreme in degree, as to go beyond all
2  possible bounds of decency." Without more, Plaintiff simply fails to plead factual content
3  that allows the Court to draw the reasonable inference that Defendants may be liable for
4  intentional infliction of emotional distress.

## CONCLUSION

Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Given that Plaintiff may be able to allege sufficient facts to state a claim with regard to Counts 2, 3, and 7, dismissal is with leave to amend. As to the Motion to Dismiss (Doc. 15), the Court specifically orders the following:

(1) the motion is denied as to Count 1, to the extent that Defendants' motion is based on a statute of limitations defense; the motion is denied as to all claims against Defendant Brown; the motion is denied as to Defendant Furneaux to the extent that Plaintiff's claim is based on the arrest, and granted, with prejudice, as to any additional claim against Defendant Furneaux;

(2) the motion is granted as to all state law claims to the extent that the claims are based on Plaintiff's arrest;

(3) the motion is granted with leave to amend as to Counts 2, 3, and 7;

(4) the motion is granted as to Count 5, with prejudice, as to Defendant Furneaux, and denied as to Defendant Brown.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 14) filed by Defendants Maricopa County and Michael Flynn is **GRANTED**, with prejudice. Accordingly Count 4 is **DISMISSED** with prejudice.

///
///
///
///
///
///

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 15) filed by Defendants City of Phoenix, Toni Brown and Robert Furneaux is **GRANTED IN PART AND DENIED IN PART**. The Clerk of the Court is directed to **terminate City of Phoenix** from the lawsuit.

DATED this 10th day of November, 2010.

G. Murray Snow
United States District Judge